# Exhibit A

Of Counsel:
SHIM & CHANG

ROY K. S. CHANG          #1733-0
HARVEY M. DEMETRAKOPOULOS #5033-0
345 Queen Street, Suite 900
Honolulu, Hawaii          96813
Telephone No. (808)524-5803
Facsimile No. (808)538-3853

Attorneys for Plaintiff
MICHAEL L. PORTER

Electronically Filed
FIRST CIRCUIT
1CCV-21-0000525
05-MAY-2021
08:24 AM
Dkt. 19 CAMD

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| MICHAEL L. PORTER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HILTON MANAGEMENT LLC, a Foreign Limited Liability Company (LLC); JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　　Defendants. | CIVIL NO. 1CCV-21-0000525<br>(Other Non-Vehicle Tort)<br><br>**FIRST AMENDED COMPLAINT;**<br>**SUMMONS** |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff MICHAEL L. PORTER, by and through his attorneys, Shim & Chang, and for causes of action against the Defendants above-named alleges and avers as follows:

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 05-MAY-2021, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i



1. Plaintiff MICHAEL L. PORTER (hereinafter, "Plaintiff" or "Plaintiff Porter"), was at all times pertinent herein a visitor to the City and County of Honolulu, State of Hawaii. He is a resident of the City of Dublin, State of California.

2. Defendant HILTON MANAGEMENT LLC (hereinafter "Defendant Hilton") is a Foreign Limited Liability Company (LLC), organized in the State of Delaware and doing business in the State of Hawaii as the operator of the property known as "The Hilton Hawaiian Village," located at 2003 Kalia Road, Honolulu, Hawaii 96815.

3. Plaintiff and Plaintiff's attorneys have diligently and in good faith attempted to ascertain names and identities of possible Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10, and ROE GOVERNMENTAL ENTITIES 1-10, whose identities are presently unknown to Plaintiff. Plaintiff's attorneys have reviewed photographs of the area. However, due to the inability to conduct discovery prior to filing suit, the identity of other DOE Defendants whose conduct may have been a legal cause of Plaintiff's injuries and damages remain unknown to Plaintiff. Plaintiff's attorneys have been unable to determine who else may be legally and/or contractually liable for the incident. Once this litigation is commenced, Plaintiff's attorneys will, through discovery, obtain the

necessary facts and information from Defendants and will thereafter amend the filings herein and/or identify the appropriate persons or entities as DOE defendants as needed.

4. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10 and ROE GOVERNMENTAL ENTITIES 1-10, are sued herein under fictitious names because:

(a) their true names and identities are presently unknown to Plaintiff;

(b) they employed, contracted with, controlled, and/or are in some way responsible for the conduct, acts and/or omissions of defendants;

(c) they were in some manner engaged in the activities alleged herein and/or were in some manner acting by or on behalf of defendants, and/or were in some manner responsible for the injuries or damages to Plaintiff;

(d) they manufactured, designed, distributed, sold, or placed in the market a product which was defective and presented an unreasonable danger which caused injuries or damages to Plaintiff;

(e) they owned, constructed, designed, built, operated, repaired, inspected, maintained, and/or controlled a premises, land, area, or product thereon which presented an

unreasonable risk of harm and caused injuries or damages to Plaintiff;

(f) they knew or, with reasonable care, should have known of the danger and were negligent in creating or allowing such dangerous condition to exist, for creating a public nuisance, for failing to give Plaintiff any warning of the dangerous condition, for failing to correct the dangerous condition, and for failing to protect Plaintiff;

(g) they violated laws, standards, codes, warranties, and/or ordinances and are therefore negligent, strictly liable, liable for breach of express and/or implied warranties, and are negligent per se; and/or

(h) their acts or omissions were a legal or factual cause of Plaintiff's fall, injuries and/or damages.

5. Defendant Hilton manages, operates, maintains, and/or controls the resort known as the "Hilton Hawaiian Village," which includes shops, a hotel and resort, and various tiled walkways ("tiled walkway").

6. Defendant Hilton managed, installed and maintained the tiled walkway near the lobby to the Kalia Tower.

7. On January 3, 2020, this tiled walkway had become wet from the rain.

8. Defendant Hilton kept this tiled walkway open for use by guests, even though it was wet.

9.  On January 3, 2020, Plaintiff Porter and his family were paying guests at the Hilton Hawaiian Village's hotel and resort.

10. In the morning of January 3, 2020, Plaintiff Porter was walking to the lobby of the hotel when his foot suddenly and unexpectedly slipped on the wet, slippery tiled walkway, causing him to fall awkwardly.

11. Plaintiff Porter sustained a fractured left ankle, which required surgery to repair and fix. He also suffered other bodily injuries, pain and suffering, inconvenience, mental anguish and emotional distress, and loss of enjoyment of life.

12. Plaintiff Porter's slip, fall and subsequent injuries were caused by or resulted from Defendant Hilton's breach of legal duties, safety rules, and/or standards of care.

13. Defendant Hilton's breach of legal duties, safety rules, and/or standards of care included the following:

(a) Defendant Hilton did not provide a safe slip resistant tiled walkway (hereinafter "walkway") for its hotel guests to walk on;

(b) On January 3, 2020, Defendant Hilton did not take appropriate safety measures to protect its hotel guests from slipping, falling, and suffering injury when walking on its walkway;

(c)  Defendant Hilton's choice of walkway tiling was not appropriate for the wet slippery conditions foreseeably to exist on this walkway;

(d)  Defendant Hilton did not maintain this walkway in a dry non-slippery condition;

(e)  Defendant Hilton did not provide its hotel guests with a slip resistant walkway to walk on;

(f)  Defendant Hilton breached its implied warranty to provide a safe walkway for its hotel guests to walk on;

(g)  Defendant Hilton created or allowed to exist a nuisance on its walkway which was likely to and did cause injury to one of its hotel guests;

(h)  Defendant Hilton did not comply with all applicable walkway safety codes, regulations, industry safety standards, rules, and/or guidelines;

(i)  Defendant Hilton did not comply with the ASTM F1637-95 "Standard Practice for Safe Walking Surfaces" which was established to reduce the risk of slips and falls and to provide reasonably safe walking surfaces for people to walk on;

(j)  Defendant Hilton did not comply with ASTM F1637-95, Section 4.1.3.: "Walkway surfaces shall be slip resistant under expected environmental conditions and use.";

(k) Defendant Hilton did not comply with ASTM F1637-95, Section 4.7.1.: "Exterior walkways should be maintained so as to provide safe walking conditions.";

(l) Defendant Hilton did not comply with ASTM F1637-95, Section 4.7.1.1.: "Exterior walkways shall be slip resistant.";

(m) At the time of Plaintiff Porter's slip and fall, Defendant Hilton had not placed any signs to warn its resort guests of the slippery condition of this walkway; and

(n) Defendant Hilton knew or should have known of the dangerous condition it had created, yet failed to take all appropriate safety precautions to prevent an injury to its hotel guest who was using Defendant Hilton's walkway in a normal and expected manner.

14. As a result of Defendant Hilton's and/or other Defendants, if identified, acts and/or admissions, breach of legal duties, safety rules, and/or standards of care, Defendant Hilton and/or other Defendants, if identified, were negligent and/or acted in a negligent manner.

15. Defendant Hilton and other Defendants, if identified, are also vicariously liable for the negligent acts of their employees, agents and/or contractors.

16. The negligent acts and/or omissions of Defendant Hilton and/or other Defendants, if identified, were a factual

cause of Plaintiff Porter's slip and fall, and a legal (more than a trivial) cause of his injuries, losses and/or damages.

17. The negligent acts and/or omissions that caused or resulted in Plaintiff Porter's slip, fall and resulting injuries, occurred in the City and County of Honolulu, State of Hawaii.

18. Plaintiff Porter has sustained and will further sustain special, economic, and other common law damages in an amount to be determined at trial.

19. Plaintiff Porter has sustained and will further sustain general, non-economic, and other common law damages in an amount to be determined at trial.

20. Defendant Hilton and/or other Defendants, if identified, were grossly negligent and/or acted in a willful, wanton or reckless disregard of safety rules, standards, guidelines and the rights, feelings and safety of others, and for that reason Plaintiff Porter claims punitive damages against those Defendants, in an amount to be determined at the time of trial.

Plaintiff Porter demands judgment against Defendant Hilton and/or other Defendants, if identified, jointly and/or severally, as follows:

(a) General, non-economic, and other common law damages as are proven at the time of trial.

(b) Special, economic, and other common law damages as are proven at the time of trial.

(c) Punitive and exemplary damages as are proven at the time of trial.

(d) Prejudgment interest to commence from the date of the incident, January 3, 2020.

(e) Reasonable attorneys' fees and litigation costs.

(f) Such other relief as may be deemed just and equitable under the premises.

DATED: Honolulu, Hawaii, _____ May 5, 2021 _____.

/s/ Harvey M. Demetrakopoulos
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS
Attorneys for Plaintiff

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER 1CCV-21-0000525 |
|---|---|---|
| PLAINTIFF<br><br>MICHAEL L. PORTER | VS. | DEFENDANT(S)<br><br>HILTON MANAGEMENT LLC, a Foreign Limited Liability Company (LLC); JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; AND ROE GOVERNMENTAL ENTITIES 1-10, |

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0000525**
**05-MAY-2021**
**08:28 AM**
**Dkt. 21 SUMM**

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

ROY K. S. CHANG  #1733-0
HARVEY M. DEMETRAKOPOULOS  #5033-0
345 QUEEN STREET, SUITE 900
HONOLULU, HAWAII 96813
TEL. NO. 808-524-5803

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon
ROY K. S. CHANG, ESQ. AND/OR
HARVEY M. DEMETRAKOPOULOS, ESQ.

_____, First Amended
plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. First Amended

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.

A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i |  |

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, If you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint   RG-AC-508 (10/19)